UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| WILLIAM GREEN, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 09-cv-02272 (ABJ) |
| JOHN McHUGH,<br>Secretary of the Army,[1] | ) ) ) ) | |
| Defendant. | ) ) ) | |

## MEMORANDUM OPINION

Defendant has moved to dismiss plaintiff's complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Defendant contends that the Court lacks subject matter jurisdiction over claims challenging actions taken by the Army prior to November 2003, and that plaintiff fails to state a claim upon which relief can be granted for actions that occurred after November 2003. For the reasons stated below, defendant's motion to dismiss will be granted.

## BACKGROUND

Plaintiff William Green, proceeding *pro se*, is a former soldier in the United States Army, who has sought for some time to upgrade the characterization of his discharge. He filed this action on November 30, 2009, seeking judicial review of the decision by the Army Board for the Correction of Military Records ("Correction Board") and the Detention Review Board ("Detention Board"). Plaintiff's handwritten complaint is difficult to interpret, but the Court will construe the complaint to include a claim challenging the nature of his discharge from the Army

---

[1] Pursuant to Fed. R. Civ. P. 25(d)(1), John McHugh is substituted for Peter Geren as defendant in this action.

in 1974. Compl. at 1. Plaintiff has filed numerous requests for discharge upgrade and requests for reconsideration with the Correction Board and the Discharge Board over a period of more than 30 years, seeking an upgrade from the category of "other than honorable" to the category of "general" discharge. It is unclear from the complaint which particular decision(s) from the Correction Board or the Detention Board plaintiff challenges in this action. The Court will broadly construe the *pro se* plaintiff's pleading as raising claims regarding the original discharge as well as all later requests for reconsideration. The Court notes that following facts from the Administrative Record ("AR"),[2] which plaintiff references in the complaint:

- Plaintiff was discharged from the Army on November 11, 1974. *See* AR 53.

- In 1978, plaintiff sought a discharge upgrade before the Discharge Board. After reviewing his application and official files, the Board determined in March 1979 that plaintiff had been properly discharged. The Discharge Board stated "[a]fter a thorough review of the file, the Board unanimously voted to deny relief of the applicant's request for upgrade. In 9 [months] of service on the enlistment the applicant had 1 [administrative punishment] for [absent without leave ("AWOL")] and an additional AWOL . . . No matters were submitted in mitigation or extenuation for his extended period of AWOL . . . ." *See* AR at 40–52.

- In 1980, plaintiff reapplied for relief before the Discharge Board. The Board scheduled a hearing regarding his request, but plaintiff failed to appear for the hearing. *See* AR at 34, 37–38.

- In December 1984, plaintiff requested relief based on his claim that "[h]e requested a separation from the service of hardship" and since he did not receive it, "he absented himself without authority, to alleviate the problem at home." The Correction Board reviewed his application and official files and denied the request for a discharge upgrade. *See* AR at 29, 30–31

- In June 2000, plaintiff filed a request for discharge upgrade with the Discharge Board. *See* AR at 25–26. The Discharge Board notified plaintiff that it would not process any further requests because it was prohibited by statute from processing requests "past 15 years from the date of discharge." *See* AR 24–26.

---

2    A document outside the complaint may be considered on a motion to dismiss if it is "referred to in the complaint" and is "integral to" the plaintiff's claim. *Kaempe v. Meyers*, 367 F.3d 958, 965 (D.C. Cir. 2004).

- In December 2000, plaintiff sought a discharge upgrade from the Corrections Board claiming that he did not have any disciplinary actions during his enlistment in the Army. This request was rejected because the Correction Board noted that his official file contained evidence of disciplinary action for AWOL. *See* AR 17–19, 21.

- In April 2007, plaintiff asked the Correction Board to reconsider its December 2000 decision denying his discharge upgrade. In August 2007, the Correction Board notified him that it would not reconsider his request because it was not received within one year of the original decision. *See* AR 13–14.

- In November 2007, plaintiff requested reconsideration from the Correction Board. The Correction Board informed plaintiff in March 2008 that it would not take action on his request and that it would not consider any future requests for reconsideration of this matter. *See* AR 9–12.

- In June 2008, plaintiff requested that the Discharge Board grant his request for an upgrade. The Discharge Board informed him that it would not process any further requests because it was prohibited by statute from processing requests "past 15 years from the date of discharge." *See* AR 3–8.

- In October 2008, plaintiff filed a request for reconsideration with the Correction Board. In June 2009, the Correction Board returned his request for reconsideration without action. *See* AR 1–2, 7–8.

**STANDARD OF REVIEW**

In evaluating a motion to dismiss under either Rule 12(b)(1) or 12(b)(6), the Court must "treat the complaint's factual allegations as true . . . and must grant plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'" *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000) (quoting *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979) (citations omitted)). Nevertheless, the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). In addition, where the action is brought by a plaintiff proceeding *pro se*, "the court must take particular care to construe plaintiff's filings liberally, for such complaints are held "to less

stringent standards than formal pleadings drafted by lawyers." *Cheeks v Fort Myer Constr.*, 722 F. Supp. 2d 93, 107 (quoting *Haines v. Kerner*, 404 U.S. 519, 520).

### A. Rule 12(b)(1) Motion to Dismiss

A plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Shekoyan v. Sibly Int'l Corp.*, 217 F. Supp. 2d 59, 63 (D.D.C. 2002). Federal courts are courts of limited jurisdiction, and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Gen. Motors Corp. v. EPA*, 363 F.3d 442, 448 (D.C. Cir. 2004) ("As a court with limited jurisdiction, we begin, and end, with examination of our jurisdiction."). Because "subject-matter jurisdiction is an 'Art[icle] III as well as a statutory requirement [. . .] no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003) (quoting *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)).

Unlike when deciding a motion to dismiss under Rule 12(b)(6), the court "is not limited to the allegations of the complaint in deciding a Rule 12(b)(1) motion." *Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986), *vacated on other grounds*, 482 U.S. 64 (1987). Rather, a court "may consider such materials outside the pleadings as it deems appropriate to resolve the question whether it has jurisdiction to hear the case." *Scolaro v. D.C. Bd. of Elections & Ethics*, 104 F. Supp. 2d 18, 22 (D.D.C. 2000) (citing *Herbert v. Nat'l Acad. of Sciences*, 974 F.2d 192, 197 (D.C. Cir. 1992); *see also Jerome Stevens Pharms., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005).

### B. Rule 12(b)(6) Motion to Dismiss

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted); s*ee also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). A pleading must offer more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action," *id.* at 1949, (quoting *Twombly*, 550 U.S. at 555), and "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* In ruling upon a motion to dismiss, a court may ordinarily consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002) (citations omitted).

### C. Review of Military Correction Board Decisions

Military correction board decisions are reviewed "under an 'unusually deferential application of the arbitrary or capricious standard' of the Administrative Procedure Act." *Cone v. Caldera*, 223 F.3d 789, 793 (D.C. Cir. 2000) (quoting *Kreis v. Sec'y of the Air Force*, 866 F.2d 1508, 1514 (D.C. Cir. 1989)) (internal quotation marks omitted). The Court must defer to the

decision of the correction board "unless it is arbitrary and capricious, contrary to law, or unsupported by substantial evidence." *Frizelle v. Slater*, 111 F.3d 172, 176 (D.C. Cir. 1997). The correction board's decision need only "minimally contain 'a rational connection between the facts found and the choice made.'" *Dickson v. Sec'y of Defense*, 68 F.3d 1396, 1404 (D.C. Cir. 1995) (quoting *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)).

## ANALYSIS

Plaintiff's claims concerning his 1974 discharge and the Correction Board's decisions prior to November 2003 are barred by the statute of limitations. "If a service member brings a direct challenge to his or her discharge, the six-year statute of limitations of [section] 2401(a) is the period of limitations that applies." *Nihiser v. White*, 211 F. Supp. 2d 125, 128 (D.D.C. 2002).[3] The same statute of limitations also applies to adverse decisions by the service's administrative review board. *Id.* Since plaintiff filed this action in November 2009, his challenges to the 1974 discharge and all Correction Board's decisions prior to November 2003 are time barred, and this Court lacks jurisdiction to consider them. Thus, those claims will be dismissed on jurisdictional grounds.

As for plaintiff's claims concerning the denial of his reconsideration requests from 2007 to 2009, the Court finds that plaintiff has failed to state a claim upon which relief could be granted. The complaint alleges no facts from which the Court could plausibly conclude that the Corrections Board decisions were arbitrary and capricious, contrary to law, or unsupported by evidence. *Frizelle*, 11 F.3d at 176. Pursuant to 10 U.S.C. § 1552, Army Regulation 15-185 was

---

3  With certain exceptions, "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." 28 U.S.C. § 2401(a).

implemented to govern the process for correcting military records. Paragraph 2-15 of the regulation governs the reconsideration of Correction Board decisions, and it provides in pertinent part, "[i]f the [Correction Board] receives a request for reconsideration more than 1 year after the [Correction Board]'s original decision or after the [Correction Board] has already considered one request for reconsideration the case will be returned without action . . . ." 32 C.F.R. § 581.3 (g)(4)(ii). The Correction Board made a decision in December 2000 as the result of a substantive review of plaintiff's previous reconsideration request. Compl. at 4. Therefore, the Board's subsequent refusals to reconsider his request were proper. Thus, plaintiff's allegations, even construed as true, do no "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is granted. A separate order will issue.

AMY BERMAN JACKSON
United States District Judge

DATE: June 24, 2011